IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Jamarel Sellers ) | Civil Action No. 4:13-cv-01106-TLW | |
| ) | Criminal No. 4:10-cr-203-TLW | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| The United States of America, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by James Jamarel Sellers ("Petitioner"). (Doc. #703). On August 24, 2010, Petitioner pleaded guilty to Count I of the information filed on August 13, 2010. (Docs. #246, 268). Count I charged that Petitioner knowingly, intentionally, and unlawfully possessed with intent to distribute and distributed a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. #246). A sentencing hearing was scheduled for August 19, 2011, at which the Court determined the advisory guideline range, before departures, to be a total offense level of 29 with an imprisonment range of 151 months to 188 months. (Docs. #465, 484). After considering the sentencing guidelines and relevant statutory factors, the Court sentenced Petitioner to a total term of 170 months. (Doc. #483). Petitioner filed an appeal, (Docs. #477, 478), and the Fourth Circuit Court of Appeals dismissed the appeal based on the Petitioner's plea waiver, (Doc. #600-2).

Petitioner filed the present § 2255 action on April 23, 2013, alleging three grounds of ineffective assistance of counsel. (Doc. #703). Brown Johnson ("Johnson"), the Petitioner's trial attorney, submitted an affidavit in response. (Doc. #714). The United States of America

1

("Government") filed a response in opposition to all grounds and moved for summary judgment. (Doc. #722). Petitioner filed a timely response in opposition to the Government's motion. (Doc. #751). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). The Leano court noted that this standard is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #722, 723). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner asserts three grounds for relief based on Johnson's alleged ineffective assistance. In ground one, Petitioner claims that Johnson failed to adequately investigate whether Petitioner's co-defendant could provide an alibi or exculpatory evidence. (Doc. #703-1 at 3, 4). In ground two, Petitioner claims that the Government provided insufficient facts to support Petitioner's guilty plea, and that Johnson provided ineffective assistance by failing to object to the Court's acceptance of the plea. (Doc. #703 at 5-9). Finally, in ground three, Petitioner claims that Johnson provided ineffective assistance by failing to challenge Petitioner's career offender designation. (Doc. #703 at 9-11).

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that Petitioner's ineffective assistance claims should be dismissed on summary judgment.

**1. <u>Alleged Failure to Adequately Investigate Underlying Charges</u>**

In his first ineffective assistance of counsel claim, Petitioner asserts that had Johnson adequately investigated and reported whether Petitioner's co-defendant could provide an alibi or exculpatory evidence, Petitioner would have would have insisted on going to trial. (Doc. #703 at 5). In support, Petitioner offers an affidavit from a co-defendant, Ernest Melchor ("Melchor"), claiming Petitioner had no involvement in the criminal conduct he pleaded guilty to. (Doc. #703-1 at 4). Specifically, the affidavit itself states that "Mr. Sellers at no time assisted me nor did he possess any durgs [sic] on my behalf on Augaust [sic] 17, 2009. Had I been contacted by Mr. Sellers's attorney, I would have informed him of this fact, Again, [sic] Mr. Sellers had no dealings with me regarding this incident." (Doc. #702). In addition to Melchor's affidavit, Petitioner also provided an affidavit of his own in which he asserts that had Johnson properly investigated and reported the results of the investigation, Petitioner would have proceeded to trial rather than pleaded guilty. (Doc. #703-2).

However, Petitioner's claim for relief is clearly undercut by the record in this case. First, the Court notes that both affidavits are contradicted by Petitioner's statements at the plea hearing. During this appearance, Petitioner indicated he understood (1) the elements of the offense and (2) that if he was involved in joint activity with others, quantities of drugs that were part of the joint activity could be assigned to him. (Doc. #551 at 69-70). He also indicated to the Court that he and Melchor sold drugs to the CI, that he called Melchor to the scene to sell the drugs, and that both Petitioner and Melchor participated in the sale of drugs. (Doc. #551 at 87-89). The Court went to great efforts to ensure the Petitioner understood the facts to which he was pleading. (Doc. #551 at 82-83, 86-88). Yet, Petitioner still indicated his desire to plead guilty and forego a jury trial. (Doc. #551 at 72).

In addition to the plea testimony, Melchor's affidavit is flatly refuted by the Government's evidence, which Petitioner's counsel had reviewed. This evidence included a video of a confidential informant ("CI") making a controlled buy from the Petitioner and Melchor, The video of the controlled buy shows a Government confidential informant approach Petitioner for the purpose of procuring crack cocaine. Thereafter, Petitioner summoned Melchor to the scene, and Melchor handed over the crack cocaine to the CI. Petitioner is visible in the video and displayed a firearm to the CI during the transaction. The video shows that while Petitioner did not physically hand the crack cocaine to the CI, he did verbally arrange for the drug exchange and stood watch over the transaction. Thus, video evidence shows that Petitioner not only aided and abetted Melchor in this drug transaction, but that he further constructively possessed the crack cocaine. In addition to this video evidence, the Court notes that as eight drug dealers who cooperated and provided statements implicating Petitioner in the drug conspiracy. These statements, like the video, were reviewed by Johnson.

Accordingly, the Court finds that Petitioner's ineffective assistance of counsel claim is without merit. In light of Petitioner's plea and the evidence in this case, Petitioner has failed to show Johnson's conduct fell below an objective standard of reasonableness. Johnson was aware of the Government's case against the Petitioner, and the affidavit of a codefendant – provided over a year after Petitioner began serving his sentence – is insufficient to overcome the strong presumption that Johnson's conduct fell within the wide range of reasonable conduct. Furthermore, Petitioner has failed to show that, despite the Government's overwhelming evidence against him, he was prejudiced by Johnson's conduct. Therefore, he is not entitled to relief on this claim

.

2. **Alleged Failure to Object to the Court's Acceptance of the Guilty Plea**

Petitioner next asserts that Johnson should have objected to the Court's acceptance of the plea agreement because the record provided an inadequate factual basis. (Doc. #703-1 at 6). Specifically, Petitioner asserts that he never admitted (1) to knowingly and intentionally possessing crack cocaine; (2) to knowing that the substance Melchor possessed was crack cocaine; (3) that Melchor possessed the substance with the intent to distribute; and (4) that what Melchor distributed was crack cocaine. Petitioner's assertions are without merit.

The factual basis for Petitioner's plea was fully established. As noted above, the Court clearly explained at the plea hearing – and the Petitioner repeatedly confirmed that he understood – the elements to Petitioner's distribution charge. Furthermore, the Government clearly recited the facts – not once, but twice – and the Petitioner admitted that he aided and abetted Melchor in selling drugs to a confidential informant.   (Doc. #551 at 82-83, 86-88). This Court carefully reviewed the plea colloquy. The Defendant admitted that he sold drugs with Melchor. The plea colloquy clearly complied with Rule 11. This claim has no merit.

Petitioner makes much of the fact that the indictment did not refer to the aiding and abetting language contained in 18 U.S.C. § 2. The courts, however, have held that a "conviction under 18 U.S.C. § 2 may be obtained although the defendant was not indicted under § 2." United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003); see also United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969) ("[W]e have consistently held that under 18 U.S.C.A. § 2 one may be convicted of aiding and abetting under an indictment which charges only the principal offense."). As such, the Defendant conviction was not dependent on the indictment containing a reference to 18 U.S.C. § 2, and an objection on this basis would thus have been meritless.

7

Accordingly, an objection by Johnson to the factual basis for the plea would have been without merit, and thus Petitioner has failed to show that his trial counsel's conduct fell below an objective standard of reasonableness. Furthermore, Petitioner fails to establish that he was prejudiced by counsel's decision not to object. Therefore, Petitioner's claim of ineffective assistance of counsel based on these facts fails.

### 3. Alleged Failure to Challenged Petitioner's Career Offender Designation

Finally, Petitioner contends that his counsel was ineffective for failing to challenge his career offender status. Specifically, Petitioner argues Johnson failed to object to the use of Petitioner's prior armed robbery and assault convictions as career offender predicates. (Doc. #703-1 at 10). While Petitioner acknowledges that his sentence for these convictions exceeded a year in both instances, he claims that he served custodial terms of only 9 months for each of these convictions. Thus, he argues that the convictions thus do not qualify as violent felonies for career offender purposes. However, not only is Petitioner mistaken about whether these two convictions qualify as career offender predicates, but furthermore, Petitioner qualifies as a career offender even *without* those convictions. Thus, the Petioner's claim of ineffective assistance of counsel based on these facts is without merit.

The career offender designation applies when a defendant has at least two prior qualifying convictions that are either crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1. These "crimes of violence" qualify as long as they are punishable by imprisonment for a term exceeding one year. U.S.S.G. § 4B1.2(a). Fourth Circuit has held that "in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." See

Thompson, 480 F. App'x 201 (4th Cir. 2012) (overruling United States v. Thompson, 826 F. Supp. 2d 863 (E.D.N.C. 2011)). Petitioner himself acknowledges that the convictions he challenges were subject to sentences in excess of one year. His basis for challenging the sentences – the actual time served – is thus without merit.

Moreover, as the presentence investigation report indicates, Petitioner has two controlled substance convictions in addition to the challenged convictions that qualify as career offender predicates. Specifically, Petitioner has a 2007 conviction for possession with intent to distribute marijuana; and a 2008 conviction for possession with intent to distribute crack cocaine. (Doc. #476 at 21). Thus, even without the armed robbery and assault convictions Petitioner challenges, Petitioner still qualifies as a career offender under the guidelines.

Accordingly, an objection by Johnson to the career offender designation would have been without merit. Thus Petitioner has failed to show that his trial counsel's conduct fell below an objective standard of reasonableness. Furthermore, Petitioner fails to establish that he was prejudiced by Johnson's decision not to object. Therefore, Petitioner's claim of ineffective assistance of counsel based on these facts fails.

## **CONCLUSION**

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #703), is **DENIED**. The Government's motion for summary judgment, (Doc. #723), is **GRANTED**; and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____<br>United States District Judge

July 14, 2014
Columbia, South Carolina